MARY M. LEDWITH, Appellant, *v.* OTTO A. ROSALSKY, Respondent.

*Courts — Court of General Sessions in county of New York is in effect County Court — judge of said court is officer in service of one of counties embraced in city of New York — corporation counsel may appear for him in action for damages based on warrant bringing in plaintiff for purpose of determining sanity.*

Appeal from an order of the Supreme Court, made at the Kings Special Term and entered in the Kings county clerk's office on June 15, 1925.

Order denying motion to set aside notice of appearance of defendant affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice Van Siclen at Special Term. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

The following is the opinion of the court below:

VAN SICLEN, J. The defendant, a judge of the Court of General Sessions, in the county of New York, city of New York, is sued for damages alleged to have been suffered by the plaintiff by the issuance of a warrant bringing the plaintiff in for the purpose of determining her sanity. The corporation counsel has entered an appearance for the defendant, and the plaintiff moves to strike it out on the

---

* Now Decedent Estate Law, § 130, as added by Laws of 1920, chap. 919.—[REP.

ground that the defendant is not a city officer. The origin of the Court of General .
Sessions dates back to 1691,* when an act was passed establishing " Courts of
Judicature for the Ease and benefitt of each respective Citty Town and County
within this Province." By section 961 of the Code of Criminal Procedure, the
Court of General Sessions is deemed the County Court of New York county. It
performs the function of a County Court in so far as criminal jurisdiction is con-
cerned. In *People, etc.,* v. *New York General Sessions* [*sic*] it was held that the Court
of General Sessions in the city of New York existed as a County Court. Section 256
of the city charter, as amended by the Laws of 1917, chapter 602,† provides as
follows: " Neither the corporation counsel nor any of his assistants shall appear
as attorney or counsel in any action or litigation except in the discharge of his
official duties, nor accept an appointment as referee or receiver in any action or
proceeding, but the corporation counsel may in his discretion appear or direct
any of his assistants so to do in any action or proceeding, criminal or civil, brought
against any officer, subordinate or employee in the service of the city of New York,
*or of any of the counties embraced therein,* by reason of any acts done or omitted
while in the performance of his duty by such officer, subordinate or employee,
whenever said appearance is requested by the head of the department, office or
bureau in which said officer, subordinate or employee is employed." From this
it would seem that the Court of General Sessions is in effect the County Court in and
for New York city, and a judge thereof is an " officer " " in the service of  *  *  *
[one] of the counties embraced therein," and that the " corporation counsel may in
his discretion appear  *  *  *  in any action  *  *  *  brought against " a judge
of the Court of General Sessions. Only a summons has been issued in this case,
and the question whether or not the conduct of the defendant upon which the
action is predicated was done " while in the performance of his duty " cannot
properly be considered until the cause of action is set forth. It would seem,
therefore,· that at this time, at least, the motion must be denied.